UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER G. FRENCH<br>CDCR No. K-96643,<br><br>         Plaintiff,<br>v.<br><br>C. XIONG,<br><br>         Defendants. | Case No.: 23-CV-1294 JLS (JLB)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**<br><br>(ECF Nos. 1, 2) |

  Plaintiff Kristopher French, a prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he has been subjected to unconstitutional conditions of confinement while housed at the Richard J. Donovan Correctional Facility ("RJD"). *See generally* Complaint ("Compl.," ECF No. 1). Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2.

///

///

## I.   IFP Motion

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

From the certified trust account statement, the Court assesses an initial payment of 20 percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20 percent of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).  Prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2).

In support of his IFP Motion, Plaintiff submitted a copy of his prison certificate attested to by an RJD accounting official.  *See* ECF No. 3 at 1.  This document shows Plaintiff had an available balance of $0.67 at the time of filing.  *See id*.  The Court therefore **GRANTS** Plaintiff's Motion to Proceed IFP, declines to exact any initial filing fee because his prison certificates indicate he may have "no means to pay it," *Bruce v. Samuels*, 577 U.S. 82 (2016), and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or their designee, to instead collect the entire $350 balance of

/ / /

the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.     *Standard of Review*

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B.     *Plaintiff's Allegations*

On October 29, 2022, Plaintiff alleges that the sink in the cell he was housed in would "back up for no apparent reason."  Compl. at 3.  Plaintiff informed

/ / /

/ / /

Correctional Officer Carter[1] that his sink was clogged and Carter purportedly told Plaintiff that he would put a "work order" in. *Id.* Two days later, Plaintiff told Correctional Officer Fernandez[2] that his sink was clogged and the cell smelled like "urine and feces." *Id.* Plaintiff requested that Fernandez move him to a different cell. *See id.*

Two days later, Plaintiff asked Defendant Correctional Officer Xiong to call a plumber claiming that he was unable to breathe and was becoming sick. *See id.* He also asked Xiong to move him to another cell. *See id.* at 3–4. Plaintiff alleges that he refused to move him to another cell and refused to provide a plunger but he acknowledges that the clogged sink "went down by itself" a few days later. *Id.* at 4.

Plaintiff seeks $20,000 in damages, in addition to court costs and attorney fees. *Id.* at 6.

### C.    42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D.    Discussion

"[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Watson v. Walkley*, 120 F.3d 269 (9th Cir. 1997). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and

---

[1] Carter is not a named Defendant.

[2] Fernandez is not a named Defendant.

unusual punishment forbidden by the Eight Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoners' interest or safety." *Whitely v. Albers*, 475 U.S. 312, 319 (1986). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes*, 452 U.S. at 347. Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must allege facts sufficient to fulfill two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Under the objective requirement, the prisoner must allege facts sufficient to show that the prison official's acts or omissions deprived him of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *Farmer*, 511 U.S. at 834. However, to the extent conditions are merely "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. Thus, to violate the Eighth Amendment, the deprivation at issue must first be "sufficiently serious." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the subjective requirement, the prisoner must further allege facts to plausibly show each defendant he seeks to hold liable acted with "deliberate indifference" to his health or safety. *Wilson*, 501 U.S. at 303; *Farmer*, 511 U.S. at 834.

Here, Plaintiff alleges that for a period of approximately ten days,[3] he was housed in a cell with a clogged sink that smelled like a "sewer." Compl. at 3. "The circumstances, nature, and duration of a deprivation of [minimal] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson*, 217 F.3d at 731. "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment," *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.), *as amended*, 75 F.3d 448 (9th Cir. 1995), and "[t]he

---

[3] Plaintiff's allegations indicate that he informed Defendant Xiong on the fifth day that the sink in his cell had become clogged.

more basic the need, the shorter the time it can be withheld." *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir. 1982).

First, the Court finds that Plaintiff has not plausibly alleged his exposure to a clogged sink for the five to six days between the time he informed Defendant Xiong to the time the issue allegedly resolved itself, is the type of "lack of sanitation which is severe or prolonged [which] can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson*, 45 F.3d at 1314. Moreover, he has not alleged a causal connection between the purported harm and Defendant's purported refusal to help him with the clogged sink that resolved itself four to five days later. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976) (holding that a plaintiff must allege he suffered a specific injury from a defendant's action and an affirmative link between the injury and the defendant's conduct).

The Complaint does not plausibly allege that his continued exposure to the clogged sink was caused by Defendant Xiong's actions. In other words, Plaintiff has not plausibly alleged that the only Defendant named in the Complaint is responsible for the alleged constitutional violation. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Plaintiff's attempt to hold an individual defendant liable for money damages for exposure to the clogged sink requires the Court to apply "a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Id*. at 633–34. "[I]n order to prevail and recover damages against" a prison official for cruel and unusual punishment, Plaintiff "must prove (1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of [his] eighth amendment right to be free from cruel and unusual punishment." *Id*. at 634. Plaintiff has ///

not plausibly alleged Defendant's actions were the actual and proximate cause of the alleged Eighth Amendment violation.

Accordingly, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112. In light of his pro se status, the Court grants Plaintiff leave to amend his Complaint in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. Conclusion and Orders

For the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** this civil action *sua sponte* based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

/ / /

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: July 19, 2023

Hon. Janis L. Sammartino
United States District Judge